UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| AMERITOX, LTD., a Texas limited partnership, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Case No. 12-cv-7493 |
|  | ) |  |
| v. | ) | Judge John W. Darrah |
|  | ) |  |
| MILLENNIUM LABORATORIES, INC. a California Corporation, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
| STERLING FUND MANAGEMENT, LLC and STEVEN TASLITZ, | ) |  |
|  | ) |  |
| Third-Party Respondents. | ) |  |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Third-Party Respondents Sterling Fund Management, LLC and Steven Taslitz's Motion to Quash Millennium Laboratories, Inc.'s Subpoenas. For the reasons provided below, the Respondents' Motion to Quash is granted.

### BACKGROUND

Ameritox, Ltd. filed suit in the Middle District of Florida against Millennium Laboratories, Inc. ("Millennium"), relating to Millennium's alleged unfair billing practices. (Mot. to Quash at 1-2.) Ameritox and Millennium are competitors in the urine drug testing industry. (*Id.*) In the Florida suit, Ameritox alleges, against Millennium, claims of false advertising, unfair practices, and unfair competition, in

addition to state statutory violations. (*Id.* at 4.) Millennium alleges counterclaims of the same nature against Ameritox. (*Id.*)

In the midst of discovery in this Florida litigation, Millennium issued subpoenas on "Sterling Partners" (a trade name of Third-Party Respondent Sterling Fund Management, LLC) ("Sterling") and Sterling's Chairman and Senior Managing Director, Steven Taslitz. (*Id.* at 5.) Sterling is a private equity firm in the business of managing funds invested in companies, with active investments in over twenty-five companies. (*Id.*) Sterling manages investments for Ameritox. (*Id.*) While Sterling manages investments for many companies, including Ameritox, Sterling is not in the business of urine drug testing. (*Id.* at 7.) Sterling does not advise Ameritox how to perform its urine drug testing, nor does Sterling advise Ameritox on its billing practices, or any of Ameritox's other day-to-day activities. (*Id.*) Both Sterling and Taslitz have indicated that they have limited or no knowledge regarding Ameritox's urine drug testing, billing, and selling practices. (*Id.*)

In the subpoena of Sterling, Millennium seeks production of documents and communications regarding: (1) ownership or equity interest in Ameritox; (2) Ameritox's business model, growth strategy, financial performance, sales team, board meetings, billing practices; (3) Ameritox's drug testing and analysis services, specimen collection, and the issue of insurance coverage; and (4) offers by Ameritox to health care providers for equity or ownership interest in any company that conducts urine drug testing. (*Id.* at Ex. C.) Millennium also served subpoenas on Taslitz for the production of documents and a deposition. (*Id.* at 5.) In the subpoena of Taslitz, Millennium seeks the production

of documents and communications relating to: (1) Taslitz's job positions with any company or partnership, including board membership; (2) entities with ownership or equity interest in Ameritox; (3) Ameritox's business model, growth strategy, financial performance, employees, board of directors, business operations, billing policies; and (4) Ameritox's specimen collection, urine drug testing, and analysis. (*Id.* at Ex. D.)

Sterling and Taslitz now move to quash these subpoenas pursuant to Fed. R. Civ. P. 45, arguing the subpoenas are unduly burdensome, or in the alternative, for a protective order precluding Respondents to respond to the subpoenas. Millennium opposes the motion to quash.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45(c)(3) governs the quashing of subpoenas. A court is required to quash a subpoena where: (1) it fails to allow a reasonable time for compliance, (2) requires a non-party to travel more than 100 miles (with some exceptions), (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden. Fed. R. Civ. P 45(c)(3)(A). Furthermore, a district court *may* limit any discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). If the information sought would not "assist[] in the exploration of a material issue" in the case, then a subpoena should be quashed. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (*Redisi*); *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1254 (7th Cir. 1995). A subpoena may be quashed or limited by the district court when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or when the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

As with other discovery issues, whether to grant a motion to quash is within the sound discretion of the district court. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

**ANALYSIS**

Sterling and Taslitz seek to quash Millennium's subpoenas, arguing the subpoenas are unduly burdensome and that the information requested is overbroad and irrelevant. To demonstrate the undue burden, the movant must provide "affirmative and compelling proof." *United States v. Amerigroup Illinois, Inc.*, Case No. 02 C 6074, 2005 WL 3111972, at *2 (N.D. Ill. Oct. 21, 2005).

First, Sterling argues the subpoena is unduly burdensome on its face, because the subpoena would require Sterling to have each of its seventy-five employees search paper and electronic documents for information relating to the discovery requests. (Mot. to Quash at 7-8.) Taslitz, too, would have to search his files and emails for documents responsive to the subpoena request, and he would also have to take time to prepare for and attend a deposition, which he characterizes as unduly burdensome on him as a corporate executive. (*Id.*) Beyond these bald assertions regarding the undue burden of the discovery requests, Sterling and Taslitz fail to provide compelling proof regarding their relative burdens. To quash discovery on the basis of undue burden, the party being subpoenaed is obligated to demonstrate some undue hardship under Fed. R. Civ. P. 45(c). Furthermore, Sterling and Taslitz do not demonstrate that the hardship to them, if the discovery is allowed, outweighs the hardship to Millennium, if the discovery is denied. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 559 (7th Cir. 1984). Because Sterling and Taslitz fail to demonstrate with particularity the unduly burdensome nature of the document requests other than vaguely asserting the possible length of time it would take to search paper and electronic documents, their motion to quash is denied on

5

this basis.

However, Sterling and Taslitz present a more compelling argument when they assert that the discovery requested is "unreasonably cumulative and duplicative" of the discovery Millennium has obtained thus far from Ameritox. (Mot. to Quash at 12.) A district court may limit any discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; [or] the party seeking discovery has had ample opportunity to obtain the information . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C). If the information sought by the subpoena would not "assist[ ] in the exploration of a material issue" in the case, then a subpoena should be quashed. *Redisi,* 309 F.3d at 993. Moreover, Sterling and Taslitz, as non-parties, are entitled to greater protection in the discovery process than parties in the litigation. *Thayer v. Chiczewski,* 257 F.R.D. 466, 469 (N.D.Ill. 2009).

It is apparent from the discovery requests made by Millennium to Ameritox that Millennium is seeking essentially duplicative documents from Sterling and Taslitz. (*See* Reply Br., Ex. A.) The documents and communications Millennium seeks from Sterling and Taslitz have already been requested from Ameritox. (Reply Br. at 9-10.) Millennium counters this point by stating that "Millennium has every reason to expect that Sterling and Taslitz are privy to internal Sterling communications that are responsive to Millennium's requests but have never been shared with Ameritox or are not otherwise in Ameritox's current possession." (Resp. at 14.) Millennium fails to explain why it maintains that expectation. Rather, much of the information requested from Sterling and

6

Taslitz relates directly to the operation of Ameritox's business of urine analysis and testing. This information is certainly more readily available from Ameritox than from its investment manager and the investment manager's chairman and was already requested from Ameritox.

Accordingly, having found Millennium's subpoenas of Sterling and Taslitz unduly burdensome because the requests are cumulative and duplicative of discovery requests made to the party to the litigation, Ameritox, these subpoenas are quashed. While Sterling, in its motion to quash, also raised arguments regarding the issues of privilege, relevancy, and confidentiality, based on the analysis above, these other issues need not be addressed.

## CONCLUSION

For the reasons discussed above, Third-Party Respondents Sterling and Taslitz's Motion to Quash Millennium's Subpoenas is granted; the subpoenas are quashed, and the parties are not required to produce requested documents or submit to a deposition.

Date: December 14, 2012

_____
JOHN W. DARRAH
United States District Court Judge